BRYANT v. SETTEL et al.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. APPEAL AND ERROR (§ 1011*) — REVIEW — FINDINGS—ON CONFLICTING EVI-
DENCE.

The Supreme Court will not retry questions of fact decided on conflict-
ing evidence where the conclusion of the trial court was justified accord-
ing to the apparent credibility of the witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3983;
Dec. Dig. § 1011.*]

2. PARTNERSHIP (§ 239*)—DISSOLUTION—NOTICE—EFFECT.

Actual notice of the dissolution of a partnership, and that the remain-
ing partner would continue the business on his own account, was suffi-
cient to put one dealing with the partnership upon inquiring as to the
remaining partner's assumption of partnership debts without notice of
the exact terms of the dissolution.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 495–499;
Dec. Dig. § 239.*]

3. PARTNERSHIP (§§ 239, 241*)—RETIREMENT—OBLIGATIONS OF OLD FIRM—LIA-
BILITY OF RETIRING PARTNER.

Where one dealing with a firm had actual notice of its dissolution, and
that the business would be continued by the remaining partner, the re-
tiring partner would be liable to such person only as surety for firm
debts contracted while he was a member.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 495–499;
Dec. Dig. §§ 239, 241.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Paul L. Bryant against Philip Settel and Samuel Settel,
copartners, doing business as the Settel Steam Laundry.   From a judg-
ment against Samuel Settel and for Philip Settel, plaintiff and Samuel
Settel appealed.   Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
GUY, JJ.

Joseph E. Cavanaugh, for appellant Bryant.
Julius Blumofe, for appellant Settel.
Charles Liebling, for respondent Settel.

BISCHOFF, J.   The controversy between the parties was wheth-
er the plaintiff performed his agreement to furnish steam at a pres-
sure of 75 pounds, and whether the defendant Philip Settel was lia-
ble as an original debtor upon the claim in suit for water, steam, and
gas furnished to the defendant Samuel Settel after the termination of
the partnership which had existed between these defendants.   From so
much of the judgment as directs a dismissal of the action as to the
defendant Philip Settel the plaintiff appeals, and the defendant Samuel
Settel has taken an appeal from the judgment in favor of the plain-
tiff as against him.

In our opinion the judgment should be affirmed.   The evidence be-
fore the justice amply supports his determination that steam pressure
in excess of 75 pounds was supplied to the defendant appellant with
no substantial deviation, and it is not the province of this court to re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

try questions of fact upon conflicting evidence where the court below was justified in reaching a conclusion according to the apparent credibility of witnesses.

The dismissal as to the defendant Philip Settel is supported by the fact, within the authority of the justice to find upon the evidence, that notice of the dissolution of the partnership had been given the plaintiff, who then continued to deal with the defendant Samuel Settel individually and to furnish water, steam, and gas to him upon his personal credit. Actual notice that the partnership was ended and that this one defendant would continue the business for his own account sufficed to put the plaintiff upon his inquiry as to the party's assumption of the debts without further notice of the exact terms of the dissolution agreement (Filippini v. Stead, 4 Misc. Rep. 405, 23 N. Y. Supp. 1061), and rendered the one time partner liable as surety only, so far as the debt was one connected with the partnership transactions. Reed & Barton v. Ashe, 18 App. Div. 501, 46 N. Y. Supp. 126.

We conclude that the judgment should be affirmed, with costs in favor of the plaintiff against the appellant Samuel Settel, and in favor of the respondent Philip Settel against the plaintiff. All concur.